REFRIGERATED TRANSPORT CO.,
Inc. Watkins Motor Lines, Inc.,
Complainants,

v.

The UNITED STATES of America and
The Interstate Commerce Commission, Defendants.

Civ. A. No. 8714.

United States District Court
N. D. Georgia,
Atlanta Division.

March 18, 1964.

Watkins & Daniell, Atlanta, Ga., for plaintiffs.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., Wm. H. Orrick, Jr., Asst. Atty. Gen., Washington, D. C., John H. D. Wigger, Atty., Department of Justice, Washington, D. C., for United States.

Robert W. Ginnane, Gen. Counsel, Arthur J. Cerra, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

R. J. Reynolds, Jr., Atlanta, Ga., James F. Miller, Shawnee Mission, Kan., for Barsh Truck Lines, Inc.

Before BELL, Circuit Judge, and HOOPER and MORGAN, District Judges.

PER CURIAM.

On the previous appearance of this case here, Refrigerated Transport Co., Inc. v. United States, N.D.Ga., 1963, 214 F.Supp. 536, we held that the Interstate Commerce Commission erred in not properly restricting the authority granted Barsh Truck Lines, Inc. in their proceedings No. MC–119450 and MC–119450

(Sub-No. 2). See report of the Commission entitled Barsh Truck Lines, Inc., Extension—Bartow, Fla., 88 M.C.C. 579. That authority authorized Barsh to operate as a motor common carrier in interstate commerce over irregular routes in the transportation of frozen fruit juice and frozen fruit concentrates in "mixed shipments" with canned citrus products from points in Florida to points in Arkansas, Iowa, Kansas, Missouri, Nebraska and Oklahoma.

It was our view then that the order of the Commission granting the authority rested on a rational basis, assuming bona fide mixed truckload service. We pointed out that the term "mixed shipments" could be construed as more than one truckload moving under the same bill of lading, thus permitting truckload shipments of frozen items in competition with service being rendered by complainants. There was no evidence to support a need for further service of that type. We remanded for the imposition of a restriction to the end that the authority granted in the Certificate of Public Convenience and Necessity be limited to transporting the frozen items in mixed truckloads with canned citrus products in keeping with the evidence of need. We left the formulation of the restriction to the expertise of the Commission.

The Commission has now imposed a restriction to meet our order. It substitutes "mixed loads" for "mixed shipments" in the statement of the transportation service to be performed under the certificate issued. The certificate also states that it is granted subject "to such terms, conditions, and limitations as * * * may hereafter, be attached to the exercise of the privileges" granted. Cf. Title 49 U.S.C.A. § 308 (a).

Complainants who are engaged in the transportation of frozen fruit juices and frozen fruit concentrates under appropriate authority now contend that the restriction falls short of the mark set by our prior decision. They contend that only a percentage restriction will suffice and three of the eleven members of the Commission agreed with them. They assert that the term "mixed load" is ambiguous and sets forth no discernible standard capable of being followed, or enforced. Two of the Commissioners, while concurring in the majority opinion, preferred to condition the grant on a specific reservation of the right to impose any further condition found necessary to effectuate observance of the mixed load restriction.

We hold that the term "mixed load" as used in the certificate is ambiguous and is therefore subject to future construction in the light of extraneous and antecedent facts. Cf. Andrew G. Nelson, Inc. v. United States, 1958, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484. Thus the terms of the decision of the Commission now under consideration, and the facts on which it is premised could be looked to in determining the meaning of a "mixed load". That decision, 92 M.C.C. 254, makes it plain that Barsh may transport frozen commodities only when transported at the same time and in the same vehicle with unfrozen or canned citrus products. It points out that Barsh will not be allowed to transport truckload amounts of frozen commodities in direct competition with those carriers presently authorized to render such service, nor in any event unless there is a reasonable volume of canned citrus products in the load with the frozen commodities. The decision goes further to state that Barsh may not in bad faith attempt to enlarge its operations through the consolidation of token shipments of canned citrus products with truckload movements of frozen commodities, and that to do so would constitute mere subterfuge. The difficulty of enforcing percentage restrictions is pointed to, and the Commission adheres to what it calls its long established policy of refusing to impose quantity or percentage mixing restrictions in interstate operating rights.

While we are reluctant to leave an ambiguous term in an order; nevertheless,

it appears that it may be the manifestation of a problem which may not now be defined in more precise language. Moreover, the operations of Barsh may be such under the authority granted that no question will ever arise with respect to its operations. In light of the fact that the certificate granted is subject to the imposition of such further terms, conditions, and limitations as the Commission may hereafter impose, and of what we have said with regard to the manner of construing the term "mixed load" should a question arise, we deem it to be proper to let the matter rest in the hands of the Commission.

The petition to suspend, annul, enjoin or set aside the report and order of the Commission is denied.